UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DWAYNE JOHNSON, JR.,

                Plaintiff,

    v.

STATE OF WASHINGTON,

                Defendants.

CASE NO. C19-1081-JLR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is a pretrial detainee at Snohomish County Corrections. Proceeding pro se and *in forma pauperis*, plaintiff submitted a proposed 42 U.S.C. § 1983 civil rights complaint. (Dkt. 6.) To sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff named the State of Washington as defendant and listed a number of different issues relating to, *inter alia*, conditions of confinement, housing and/or classification status, and medical treatment.

On August 5, 2019, the Court issued an Order outlining deficiencies in the complaint and granting plaintiff leave to amend. (Dkt. 7.) The Court directed plaintiff to file an amended

REPORT AND RECOMMENDATION
PAGE - 1

complaint within thirty days of the Court's Order. The Court noted it may recommend dismissal if an amended complaint was not timely filed. To date, plaintiff has not submitted an amended complaint or otherwise responded to the Court's Order. The Court now recommends dismissal.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a short and plain statement of the claim showing plaintiff is entitled to relief. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint must give defendants fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although it need not provide detailed factual allegations, the complaint must give rise to something more than mere speculation of a right to relief. *Id*. Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In this case, plaintiff failed to provide a short and plain statement of his claims showing he is entitled to relief, fair notice of his claims and the grounds upon which they rest, and specific, plausible facts supporting his claims.

Plaintiff also failed to name a proper defendant or to connect a defendant to the allegations in the complaint. Neither states, nor entities that are arms of the state, are "persons" for purposes of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Hontz v. State*, 105 Wn.2d 302, 310, 714 P.2d 1176 (1986). Because plaintiff names only the State of Washington, he fails to identify a viable defendant.

Finally, pursuant to the Prison Litigation Reform Act (PLRA): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement

"applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It applies to both prisoners and pretrial detainees. *See, e.g.*, *Panaro v. City of North Las Vegas*, 432 F.3d 949, 950, 952 (9th Cir. 2005). Exhaustion is mandatory. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007). It must be "proper" and include compliance with a prison's grievance procedures. *Id*. at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). Plaintiff was directed to and did not address in an amended complaint the question of whether he had properly exhausted his administrative remedies as to his various claims.

Because plaintiff failed to correct any of the above-described deficiencies, the Court recommends his proposed complaint be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 11, 2019**.

DATED this 17th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3